UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HARVEY JERRELS,<br><br>        Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF CORRECTIONS, BELINDA STEWART, PAT GLEBE, CATHY M. BAUM, and CHARLES JONES,<br><br>        Defendants. | No. C11-5712 BHS/KLS<br><br>ORDER DENYING MOTION FOR THE APPOINTMENT OF COUNSEL |

Before the Court is Plaintiff's motion for the appointment of counsel. ECF No. 9. Having carefully reviewed Plaintiff's motion and balance of the record, the Court finds, for the reasons stated below, that Plaintiff's motion should be denied.

## DISCUSSION

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.") However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.) To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal

ORDER DENYING MOTION FOR COUNSEL - 1

issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim.  *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.  Moreover, the need for discovery does not necessarily qualify the issues involved as "complex." *Wilborn,* 789 F.2d at 1331.  Most actions require development of further facts during litigation.  But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues. *Id.*

Plaintiff filed his complaint *pro se* and has demonstrated an adequate ability to articulate his claims *pro se*.  Plaintiff claims that Defendants failed to provide him with medical care in violation of the Eighth Amendment.  ECF No. 1.  This is not a complex case.

Plaintiff is requesting appointment of counsel because he is "mentally and physically disabled and unable to even attempt to comprehend, adequately articulate or understand the complexities of law."  Plaintiff states that he lacks training and an understanding in the law and his access to evidence, discovery and legal materials is limited.  ECF No. 9.  Plaintiff also claims that his reading, math, language, and battery skills are seventh grade or below and that he filed his civil complaint and all papers in this case with the help of jailhouse lawyers and clerks in the prison law library. *Id.*  Plaintiff also claims that he has mental and physical issues dating back to 1992 that have yet to be resolved or treated.  Based on the information submitted by Plaintiff, however, the Court is unable to determine whether any such mental and/or physical issues hinder

ORDER DENYING MOTION FOR COUNSEL - 2

Plaintiff's ability to adequately articulate his claims.  The exhibits to the motion do not support any incompetency or disability that would limit the Plaintiffs' ability to represent himself.  He has set forth his claims clearly in his complaint and there is nothing unusual or complex about Plaintiff's claims.

If Plaintiff needs additional time to prosecute this matter due to mental or physical constraints, he should provide the Court with documentation of such constraints so that the Court may make a determination as to any additional time and/or assistance that may be required in this case.

The Court finds no exceptional circumstances in this case.  While Plaintiff may not have vast resources or legal training, he meets the threshold for a *pro se* litigant.   Moreover, Plaintiff has not shown a likelihood of success on the merits.

Accordingly, Plaintiff's motion for the appointment of counsel (ECF No. 9) is **DENIED**. The Clerk is directed to send copies of this Order to Plaintiff.

**DATED** this  10th   day of November, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING MOTION FOR COUNSEL - 3