UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HARVEY JERRELS,<br><br>               Plaintiff,<br><br>v.<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>               Defendants. | CASE NO. C11-5712 BHS<br><br>ORDER ADOPTING IN PART AND DECLINING TO ADOPT IN PART REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 40) and Plaintiff Harvey Jerrels's ("Jerrels") objections to the R&R (Dkt. 41).

## I.    PROCEDURAL BACKGROUND

On October 22, 2012, Judge Strombom issued an R&R (1) granting in part and denying in part Jerrels's motion to dismiss without prejudice, (2) granting in part and denying in part Department of Corrections' ("DOC") motion for summary judgment, and (3) dismissing Jerrels's federal claims with prejudice.  Dkt. 40.  On November 6, 2012, Jerrels filed objections to the R&R, seeking to have the R&R reversed in part, arguing that both his federal and state claims should be dismissed without prejudice.  Dkt. 41.

## II.     FACTUAL BACKGROUND

The Court adopts the "Statement of Facts" set out in Judge Strombom's R&R (Dkt. 40 at 2-6), as it is an accurate reflection of the record.  Jerrels's objections to the R&R do not contain any new factual information.  *See* Dkt. 41.

## III.     DISCUSSION

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3).

In this case, Jerrels seeks voluntary dismissal of his case and objects to the R&R on three bases: (1) that the medical expert on which the Court and Defendants rely, Dr. John D. Kennedy ("Dr. Kennedy"), Medical Director of DOC, based his medical opinion on records, rather than a physical examination of Jerrels; (2) that Drs. Loren E. Laybourn and Mark S. Peckeler, "who actually [have] seen Jerrels indicate more tests are needed," and he can only get those upon his release; and (3) on July 12, 2012, Dr. Kennedy only did a partial CT scan, which was read as normal.  Dkt. 41 at 2.  He claims he "should have the right to pursue [all] his claims after his release from incarceration," presumably meaning once he has gathered all the requisite evidence.  *Id*.

**A.     Motion to Dismiss Standard**

Rule 41(a)(2) provides "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  The decision to grant or deny a request pursuant to Rule 41(a)(2) is within the sound discretion of the trial court and is

reviewed only for abuse of discretion. *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir.1980). Dismissal pursuant to Rule 41(a)(2) should be granted unless the defendant can show that it will suffer some clear legal prejudice as a result. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir.2001).

In this case, Judge Strombom recommended the Court find that Jerrels failed to demonstrate that a genuine issue of material fact existed as to his Eighth Amendment claims. Based on the R&R, Judge Strombom appears not to have considered Jerrels's request for a voluntary dismissal of his federal claims under Rule 41(a)(2) standard (although she considered it with respect to Jerrels's state claims and properly granted his motion with respect to those). Dkt. 40 at 12. We now consider the issue.

**B.  Application of Standard**

Under the standard set forth above, the Court should grant the motion unless Defendants can show that they will suffer some clear legal prejudice. *Smith*, 263 F.3d 972, 975. In this case, Defendants do not make such a showing. In response to Jerrels's initial motion to voluntarily dismiss (Dkt. 38), Defendants merely argue that they "want the finality of a decision on the merits of their summary judgment motion and are entitled to it," as Jerrels did not substantively respond to their summary judgment motion. Dkt. 39 at 1-2.

In *Smith*, the Ninth Circuit noted that it previously held that "legal prejudice" means prejudice to some legal interest, some legal claim, some legal argument. 263 F.3d 976 (citation omitted). In so holding, the Ninth Circuit explained that uncertainty because a dispute remains unresolved or because the threat of future litigation causes uncertainty

does not result in plain legal prejudice. *Id*. (citation omitted). Also, plain legal prejudice does not result merely because a defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal. *Id*. (citation omitted).

Here, in response to Jerrels's initial motion to dismiss, Defendants cite delay in receiving finality of judgment as plain legal prejudice. Dkt. 39 at 1-2. However, they cite no case law supporting that such delay in this context qualifies as plain legal prejudice.

Although the Court agrees with Judge Strombom's analysis of the merits of Jerrels's Eighth Amendment claims based on the evidence it has before it now, the Court concludes no clear legal prejudice to Defendants will result by granting Jerrels's motion to voluntarily dismiss his federal claims so that he may attempt to pursue them later.

Having considered the R&R, Jerrels's objections, and the remaining record, the Court :

(1) **ADOPTS in part and DECLINES TO ADOPT in part the R&R**; and

(2) **DISMISSES** this action **without prejudice**.

Dated this 10th day of December, 2012.

BENJAMIN H. SETTLE
United States District Judge